### HAMILTON ST. RY. ELECTRIC CO. v. H. & L. ELECTRIC TRANSIT CO.

1. **COURT HAS NO EQUITY POWER TO REQUIRE COMPANIES HOLDING DIFFERENT FRANCHISES TO UNITE AND BUILD DOUBLE TRACK.**

Where the municipal authorities of a city have by ordinances passed at the same time, granted to one of the two electric street railroad companies the right to lay a single or double track of its road on a certain street, and to the other of said companies the right to lay a single track on the same street, neither of said companies to have any priority over the other, the said tracks to be laid as near the centre of the street as practicable, a court in the exercise of its equity jurisdiction, has not the right at the instance of the one of said companies authorized to construct the double track thereon, to require that the other company shall unite in the building of but two tracks in said street, for the joint use of said companies, however reasonable and proper, and to the advantage of the public, and of both companies it may seem to be. Such provisions can only be made by the municipal authorities at the proper time, and the courts can only protect and enforce the rights of parties under the grants as made.

2. **ONE COMPANY CANNOT USE MIDDLE OF THE STREET TO THE INJURY OF A FORMER GRANTEE.**

Where prior to such grants to the electric companies, the city had by ordinance granted to another street railroad company the right to place its track in the centre of said street, which had been done, and it is still in use, and is controlled and operated by one of said electric street railroad companies, the other of said companies will be restrained from occupying the centre of said street with its track to the injury of the other, without the consent of those owning or controlling the same. ·

3. **COURT CANNOT ADJUDICATE QUESTION OF FORFEITURE OF FRANCHISE UNTIL COUNCIL ACTS.**

In an action brought by the said electric company to enjoin the threatened occupation of said track and centre of the street by the other electric street railroad company, the court will not, at the instance of such defendant company, adjudicate whether for any reason the plaintiff company has forfeited its right to construct and operate a street railroad. This in the first instance is for the action of the city authorities, who, if the forfeiture has occurred, may insist upon or waive it.

ON APPEAL from the Court of Common Pleas of Butler county.

· This action comes into the court by appeal from the court of common pleas. The controversy is between two electric street railroad companies, the Hamilton Street Railway & Electric Co., and the Hamilton & Lindenwald Electric Transit Co., to each of which the city council of the city of Hamilton has granted the right to construct an electric street railroad upon certain streets of the city. The line of the plaintiff is substantially an east and west line, and that of the defendant a north and south line. By the grant to the plaintiff company it was authorized to construct a road on High street, from the bridge over the Miami river to Third street, and thence eastwardly on High street, and also northwardly on Third street. The ordinance of the city council expressly authorized the plaintiff to construct a double-track on High street. By the grant to the defendant company, it was authorized to construct a road running south on Third street, thence west on High street to Second street, and south on Second street, so that each of the two companies was authorized to construct its road on High street between Second and Third streets (one square), and on Third north of High. The ordinances passed by the city council, granting these rights to the respective companies, were passed at the same time, and expressly provided that neither company had priority over the other, and that the tracks should be laid as near the center of the streets as practicable, and that transfer tickets should be given by both companies to passengers who might desire to transfer from one road to the other, so that only one fare should be charged for the through trip. The ordinances also provided that the two companies might jointly construct, own, maintain and use the track over that portion of the streets as used by both companies, and that in case one company should first construct the road, it should keep an accurate account of all expenses and the other company might become a joint owner of such portion of the tracks by payment of one-half of the expenses, within one year from the date of the ordinance.

Several years prior to the ·passage of said ordinances, the city council had granted to the Hamilton Street Railroad Co. a right to construct and operate a street railroad, the

cars of which were to be drawn by horses, on High street, and such road had been con-structed and was still in operation, passing along High street between Second and Third streets, the track occupying the center of the street. The plaintiff has purchased and controls this road, and is operating the same.

The petition alleges that the defendant, in violation of the rights of the plaintiff, is removing, or threatening to remove, the track of rails of said horse street railroad, now operated by the plaintiff, or to place the defendant's track, which is wider than that now on the street, over the horse-car tracks directly in the center of such street, and that this will destroy the franchise of said street railroad company, and deprive the plaintiff company of its rights to use the same, and of its rights under the grant from the city council. The petition further alleges that it will not be practicable for the plaintiff to maintain a double track on said square, and at the same time the defendant to maintain either a single or double track, and that the only way in which the tracks of the two electric roads on High, between Second and Third streets, (which is the most public square in the city), can be successfully used and operated there, is, that the two companies should unite in the construction of two tracks on such square, one to be used for the cars of both roads running eastwardly, and the other for those running westwardly; and that the plaintiff has offered and is ready to unite with the de-fendant, and build said two tracks for their joint use, but that said defendant declines to do so, and persists in building a single track in the center of the said street, and refuses to allow the plaintiff any right to use the same.

The plaintiff prays for injunction to restrain the defendant from placing a single track on said square, and from placing it over the track of said horse-car railroad.

The defendant's answer avers that it has completed its line of road a distance of about three miles, except between said Second and Third streets on High street, a distance of about 400 feet; that it has all its material ready to complete the track on said square, and that it is only prevented from doing so by the injunction granted in this case. That the plaintiff has never offered to co-operate in the construction of any of said road, to be used in common by the companies, or to furnish any material therefor, except on High street, and that it wrongfully procured the allowance of said injunction; that the city council of Hamilton, on June 4, 1890, passed a resolution requiring both of said companies respec-tively to enter into contracts with said city to complete their respective roads within the time limited by said ordinances, to-wit, December 30, 1890, and to deposit $2,000 with the treasurer of said city, to become forfeited in case of failure to complete the road as required by said ordinances; that the defendant has complied with said resolution, entered into said contract, and made said deposit of $2,000; but that the plaintiff never complied with said resolution, entered into said contract, or made such deposit, and the plaintiff has furnished no material and made no preparation to build its road except along said square on High street, and that it cannot complete its road by December 30, 1890; and that it has thereby forfeited all its rights under said city ordinances. The answer also alleges that the de-fendant, by the terms of the city ordinances, is not authorized, either separately or jointly or in any other way to build or operate with plaintiff a double track at any point on said road, and that it is only authorized to build a single track, and that it does not intend and cannot use a double track on High street, and that if it is compelled to join with plaintiff in building a double track on said square, it will be put to large expense, and compelled to bear the burden without any corresponding benefit. The defendant claims in its answer that said Hamilton Street Railroad Co. (the horse-car line) ceased to operate the road in October, 1889, and that it has thereby forfeited all its rights and franchises to operate the same, and that the plaintiff is authorized only to construct an electric road, and is not authorized to operate a horse-car railroad, and that it acquired no such right by its purchase from the Hamilton Street Railroad Co., and that all the rights of said company, and all franchises granted it, are forfeited.

SMITH, J.

We have heard the evidence offered in this case by the parties, and now state our views and conclusions thereon very briefly.

First.—We are of the opinion that under the law and facts in this case, the court has no right to do more than to protect the parties, plaintiff and defendant, from any invasion by the other of the privileges granted to them by the ordin-ances under which they severally claim. And that we cannot legally assume or undertake to prescribe the mode or manner in which either shall construct or operate its road. This is to be done by other authority.

Nor do we think that we should in this case, at the instance of the defend-ants, determine or adjudicate, whether for any reason the plaintiff company has for-feited the right given to it by the ordinance, to construct and operate its road. This also, in the first instance, is a matter for the consideration and decision of the city council, which (if the forfeiture has occurred) may insist upon, or waive it.

Nor can we refuse proper relief to the plaintiff on the alleged ground, that but little, if any work has been done by it up to this time, in the construction of its road. It must be conceded that the time between this and December 30, 1890, (at which time the line of plaintiff's road, was by the provisions of the ordinance to be completed) is not so short as to render its completion impossible by that time.

We hold, secondly, that the defendant company has no right to interfere with the franchises or vested rights of the Hamilton Street Railroad Co. by placing its track, as it is proposing and intending to do, over that of the horse-car line, which now legally occupies the center of High street from Second to Third.

Third.—That under the ordinances of the city, the plaintiff has a right to construct a double track road on High street, between these two streets, and the defendant company the right to place at least one track thereon; and said tracks are to be as near the center of said street as practicable.

Fourth.—That if the plaintiff is now ready, as it claims to be, and is desirous of building its single or double track on said square, the court holds that it may do so, and if within ten days from the entering of this judgment, it will construct a track on said square, it may be done by placing it immediately in the center of the street, in which event the defendant company, having in effect, elected to run its track on the south side of the center of said street if two tracks are to be laid thereon, is at liberty to place its said track say —— feet south of the track in the center of the street, and plaintiff can place its second track —— feet north of its other track, if it hereafter desires to do so. And if one or two tracks are so constructed by plaintiff company, proper crossings are to be made by the two companies, according to the law on this subject.

But if the said plaintiff, should not within the said ten days put down said center track, then the defendant company shall have the right to proceed at once and put down its track on the south line of the center of High street, between Second and Third streets, at such distance south of the horse-car track now there, as will not interfere with the proper operation of either.

Sixth.—While we disclaim any right to require the defendant company to unite with the plaintiff in the construction or operation of the two tracks upon this square, as proposed by the plaintiff, we may say that it seems to us clear that it ought to be done. In the first place, it is manifest that it will be greatly to the interest of the public, that there should be two and not three tracks upon this square. And in the second place, it seems equally clear that it would be for the advantage of both companies to have the right to use one of these two tracks for their cars passing in one direction, and the other for those passing in the opposite direction. And we see no reason whatever to believe that if the two companies so agree, that the right of the defendant company to use both these tracks in this way can be questioned by anyone. If from any cause, the plaintiff company on principles of justice and equity, ought to pay more than one-half of the cost of the construction of these two tracks, and the crossings, etc., it should do so, and it has proposed in open court that the tracks should be so constructed, and that the court should determine as to what porportion of such cost should be paid by each of said companies. This we esteem to be perfectly fair, and in our judgment it should be accepted by the defendant company. But this is a question to be settled by it or by the council, and not by us.

Seventh.—The case may remain upon the docket of the court for such further or final order, as to costs, or the other rights of the parties, as to the court may seem just and equitable.

Morey, Andrews & Morey, for plaintiff.

Thos. Millikin and A. F. Hume, for defendant.